# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STEVE CLAUDY LAPITRE,

        Plaintiff,

        v.

REX BUTLER, et al.,

        Defendants.

Case No. 3:22-cv-00259-SLG-KFR

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

    The Court recommends dismissing Plaintiff's Complaint with Prejudice for failure to state a claim upon which relief may be granted. Dismissal with prejudice is recommended in this case because Defendants are either not proper under 42 U.S.C. § 1983 or are immune from suit. Consequently, amendment of the complaint would be futile.[1]

    On November 22, 2022, Steve Claudy Lapitre, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "Complaint") against his appointed public defenders, appointed appellate counsel, as well as a United State District Court Judge, alleging that each of them violated his civil rights under the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.[2] Plaintiff also filed a Civil Cover Sheet, and an Application to Waive Prepayment of the Filing Fee.[3] Defendants remain unserved.[4]

    The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

---

[1] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile").
[2] Doc. 1.
[3] Docs. 1-5.
[4] Doc. 6.

# SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

  (i)   is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.[5]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[6] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[7]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[9]

//
//

---

[5] 28 U.S.C. § 1915A.
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).
[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).
[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[9] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Screening Order and Report and Recommendation
*Lapitre v. Butler, et al.*
3:22-cv-00259-SLG-KFR
2

Case 3:22-cv-00259-SLG-KFR   Document 8   Filed 03/01/23   Page 2 of 10

# DISCUSSION

## I. Statement of Relevant Facts

The State of Alaska charged Plaintiff in 2005 with First and Second Degree Murder following an altercation and shooting outside an Anchorage bar.[10] The jury acquitted Plaintiff of First Degree Murder but convicted him of Second Degree Murder.[11] At sentencing, Plaintiff received a 99-year sentence.[12]

Plaintiff appealed his conviction.[13] The Alaska Court of Appeals unanimously affirmed the judgment and sentence on September 15, 2010. The Alaska Supreme Court denied Plaintiff's petition without comment on February 2, 2011.[14] Defendant Butler represented Plaintiff during his trial and initial appeal.

Plaintiff filed a pro se application for post-conviction relief under Alaska Criminal Rule 35.1 alleging Defendant Butler was ineffective at trial.[15] The Court appointed Defendant Seid to represent Plaintiff in this matter and Defendant Seid filed an amended application realleging Plaintiff's original claim, as well as multiple additional claims.[16] The trial court denied Plaintiff's Rule 35.1 claim.[17]

Plaintiff appealed the trial court's denial of his Rule 35.1 motion. Defendant Miller represented Plaintiff in this appeal.[18] The Court of Appeals affirmed the denial of Plaintiff's Rule 35.1 claim on February 6, 2019.[19]

---

[10] *See Lapitre v. Lapinskas*, 3:19-cv-00168-JMK at Docket 16 at 1 (Memorandum Decision denying Petition for Writ of Habeas Corpus).
[11] *Id.* at 2; *see also* 3AN-05-07292CR.
[12] *Id.*
[13] *Id.* at 3.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Lapitre v. State*, No. A-12396, 2019 WL 460082, at *2 (Alaska Ct. App. Feb. 6, 2019).
[19] *Id.* At the same time Plaintiff was litigating his conviction and sentence in the State of Alaska, Plaintiff filed pro se a petition for writ of habeas corpus in Federal District Court. *See Lapitre v. Lapinskas*, 3:17-cv-00143-TMB at Docket 1. District Court Judge Timothy Burgess denied this petition without prejudice because Plaintiff had failed to exhaust "the remedies available in the courts of the State [of Alaska." *Id.* at Docket 4.

Screening Order and Report and Recommendation
*Lapitre v. Butler, et al.*
3:22-cv-00259-SLG-KFR
3

Case 3:22-cv-00259-SLG-KFR    Document 8    Filed 03/01/23    Page 3 of 10

Following that affirmation, Plaintiff filed a second writ of habeas corpus in federal court, which Defendant Judge Singleton heard and denied in December 2019.[20]

## II. Complaint

Plaintiff sues his appointed public defenders Rex Butler, appointed appellate counsel David Seid and Doug Miller, and retired Judge James K. Singleton in their individual and official capacities.[21] Plaintiff alleges that each of the Defendants violated his fundamental rights under the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.[22]

Specifically, in Claim 1, Plaintiff alleges that "on or about November 2007 and 2010" Defendant Butler's "malfeasance, malpractice and incompetence" violated his right to competent legal representation in three ways.[23] First, Plaintiff alleges that Defendant Butler failed to include a "hybrid defense" at trial, namely self-defense, during his representation of Plaintiff. Second, Plaintiff alleges that Defendant Butler failed to discuss abandoning a self-defense claim with Plaintiff prior to the conclusion of trial.[24] Lastly, Plaintiff alleges that Defendant Butler "failed to fully appeal the conviction and sentence Plaintiff received."[25]

In Claim 2, Plaintiff alleges that in 2016, Defendant Miller's "malfeasance, malpractice and incompetence" violated his right to "competent legal representation via appeal" as they relate to his ineffective assistance of counsel claims against Defendant Butler.[26] Specifically, Plaintiff alleges that Defendant Miller "briefed the matter, but when it came to the oral argument [on the appeal of the trial court's denial of Plaintiff's Rule 35.1 motion, Defendant Miller] contradicted himself and my

---

[20] *See Lapitre v. Lapinskas*, 3:19-cv-00168-JMK at Docket 16
[21] Docket 1.
[22] *Id*.
[23] *Id*. at 3.
[24] *Id*.
[25] *Id*.
[26] *Id*. at 4.

Screening Order and Report and Recommendation
*Lapitre v. Butler, et al.*
3:22-cv-00259-SLG-KFR
4

Case 3:22-cv-00259-SLG-KFR   Document 8   Filed 03/01/23   Page 4 of 10

appeal points," "los[ing] the appeal as a result."[27]

In Claim 3, Plaintiff alleges that "on or about 2012" Defendant Seid's "malfeasance, malpractice, and incompetence" violated his right to competent legal representation.[28] Plaintiff claims Defendant Seid was appointed to represent him in his first Rule 35.1 post-conviction relief application. Plaintiff alleges Defendant Seid was "obsessed with just the ineffective assistance of counsel Mr. Butler," and refused to pursue any claims related to the excessive sentence Plaintiff received "over the 30 year benchmark of Page."[29] Plaintiff further asserts that "evidence existed that would have made it incumbent upon the court to consider [its] own knowledge regarding the applicable, but abandoned self-defense defense, and the implications the instruction would have had on the jury and thus the excessive and unreasonable sentence imposed."[30]

Lastly, in Claim 4, Plaintiff claims that that on or about 2019, United States District Court Judge Singleton violated his right to "legal representation appointment for [his] federal habeas corpus" case by not honoring Plaintiff's request to appoint him an attorney to assist with amending his habeas corpus petition.[31] Instead, Plaintiff claims Defendant Judge Singleton summarily dismissed his petition, only giving him "30 days to attempt, with [his] extremely limited understandings of legalese to convince [Defendant Judge Singleton] that an attorney would be useful when it was obvious."[32]

For relief, Plaintiff seeks an order requiring Defendants to "reimburse my Mother the costs of Merit Appeal form Mr. Butler"[33]; a declaration that "one or all

---

[27] *Id.*
[28] *Id.* at 5.
[29] *Id.* The Court has been unable to discern the meaning of Plaintiff's reference to "Page." It is unclear to the court if this is a reference to a case, a misstatement, or a typographical error.
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] The Court cautions Plaintiff that he may not seek damages from Defendants if he chooses

Screening Order and Report and Recommendation
*Lapitre v. Butler, et al.*
3:22-cv-00259-SLG-KFR
5

Case 3:22-cv-00259-SLG-KFR   Document 8   Filed 03/01/23   Page 5 of 10

defendants violated my civil rights"; and any other relief the Court deems appropriate.[34]  Plaintiff demands trial by jury.[35]

### III. Civil Rights Claims Under 42 U.S.C. § 1983

Claims under 42 U.S.C. § 1983 have specific required elements that a plaintiff must plead.  Section 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[36]  In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[37]

To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[38]  Furthermore, a defendant must be eligible for suit.  All of the individuals Plaintiff seeks to sue in this case are either not proper defendants under 42 U.S.C. § 1983 because they are not state actors, or because they are immune from suit.  Therefore, Plaintiff's Complaint must be dismissed.  Furthermore, because these deficiencies cannot be corrected, amendment would be futile.  Accordingly, the Court recommend dismissal with prejudice.

#### i. Defendants Butler, Miller, and Seid

A lawyer appointed to represent a criminal defendant in a state court

---

to sue them in their official capacities, however, since the Court recommends dismissal with prejudice on other grounds, namely that Defendants are immune or improper parties, this point is moot. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[34] *Id*. at 9.
[35] *Id*.
[36] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).
[37] *See, e.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
[38] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Screening Order and Report and Recommendation 6
*Lapitre v. Butler, et al.*
3:22-cv-00259-SLG-KFR

Case 3:22-cv-00259-SLG-KFR   Document 8   Filed 03/01/23   Page 6 of 10

proceeding is "as a matter of law… not a state actor."[39] Such a lawyer, whether from the Office of Public Advocacy, Public Defender's Agency, or working by contract to represent indigent clients is "no doubt, paid by government funds and hired by a government agency."[40] This method of payment and retention, however, does not matter, as the lawyer's role in this scenario is "to represent [their] client, not the interests of the [government entity paying their fees]."[41] In this way, a court-appointed lawyer is no different than a privately retained attorney, who in no way can be considered a state actor, but whose "duties and obligations [to the client] are the same."[42]

Plaintiff seeks damages from Defendants Butler, Miller, and Seid, as well as injunctive relief in the form of a declaratory order due to their alleged actions as court-appointed attorneys representing Plaintiff. However, Defendants Butler, Miller, and Seid, as court-appointed defense and appellate counsel to an indigent defendant, are not state actors as a matter of law. Therefore, they cannot be sued under 42 U.S.C. § 1983.

### ii. Defendant Judge Singleton[43]

A federal court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[44] Moreover, judicial immunity extends

---

[39] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).
[40] *Id.*, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).
[41] *Id.*
[42] *Polk County*, 454 U.S. at 318-19.
[43] The Court notes that Plaintiff misspells Judge Singleton's name on page 6 of his complaint; however, Plaintiff spells his name correctly on page 1 and properly identifies the district court case number, 3:19-cv-00168-JKS, in which Judge Singleton denied Plaintiff's habeas petition.
[44] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose

Screening Order and Report and Recommendation 7
*Lapitre v. Butler, et al.*
3:22-cv-00259-SLG-KFR

Case 3:22-cv-00259-SLG-KFR   Document 8   Filed 03/01/23   Page 7 of 10

to preclude prospective injunctive relief against a judicial officer such as a federal judge for acts or omissions made in that judge's official capacity.[45] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[46]

In determining whether a judge is entitled to immunity, courts look to "the nature of the function performed and not to the identity of the actor performing it. ... To qualify for absolute immunity, the function performed must be a judicial act with a sufficiently close nexus to the adjudicative process."[47]

Defendant Judge Singleton is now a federal judge on inactive status with the United States District Court for the District of Alaska. However, during the time alleged in Plaintiff's Claim 4, Judge Singleton was serving in a senior status, actively hearing cases like Plaintiff's. Plaintiff seeks monetary and declaratory relief due to Defendant Judge Singleton's decision not to appoint Plaintiff counsel for his habeas corpus case, and his decision to dismiss Plaintiff's petition. Because these were judicial acts taken by Judge Singleton in his official capacity as part of Plaintiff's federal court proceedings, he is immune from suit as a matter of law.[48] Therefore, he cannot be sued under 42 U.S.C. § 1983.

## IV. CONCLUSION

Defendants are either not proper Defendants under 42 U.S.C. § 1983 or are immune from suit. Therefore, Plaintiff fails to state a claim upon which relief may be granted. In addition, no defendants may be substituted under these facts;

---

directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity."

[45] 42 U.S.C. § 1983.

[46] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[47] *Curry v. Castillo*, 297 F.3d 940, 960 (9th Cir. 2002).

[48] *See Lacey v. Maricopa County*, 693 F.3d 896, 931 (9th Cir. 2012) ("Decisions related to appointments [of counsel] and removals in a particular matter will generally fall within the exercise of the judge's or prosecutor's judicial and quasi-judicial roles and are shielded from suit by absolute immunity.").

Screening Order and Report and Recommendation 8
*Lapitre v. Butler, et al.*
3:22-cv-00259-SLG-KFR
Case 3:22-cv-00259-SLG-KFR   Document 8   Filed 03/01/23   Page 8 of 10

therefore, amendment is futile.[49]

**IT IS THEREFORE RECOMMENDED:**

1. This action should be DISMISSED WITH PREJUDICE for failing to state a claim upon which relief may be granted and the futility of amendment.
2. All pending motions should be DENIED AS MOOT.
3. A dismissal under these circumstances should be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S.Ct. 172 (2020).[50]
4. The Clerk of Court should issue a final judgment.

DATED this 28th day of February, 2023 at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[51] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[52]

---

[49] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").
[50] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."
[51] 28 U.S.C. § 636(b)(1)(B).
[52] 28 U.S.C. § 636(b)(1)(C).

Screening Order and Report and Recommendation
*Lapitre v. Butler, et al.*
3:22-cv-00259-SLG-KFR
9

Case 3:22-cv-00259-SLG-KFR   Document 8   Filed 03/01/23   Page 9 of 10

A party may file written objections to the magistrate judge's order within 14 fourteen days.[53] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[54]

---

[53] *Id.*
[54] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Screening Order and Report and Recommendation
*Lapitre v. Butler, et al.*
3:22-cv-00259-SLG-KFR
10

Case 3:22-cv-00259-SLG-KFR    Document 8    Filed 03/01/23    Page 10 of 10