# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STEVE CLAUDY LAPITRE,

        Plaintiff,

    v.

REX BUTLER, *et al.*,

        Defendants.

Case No. 3:22-cv-00259-SLG

## **ORDER RE SCREENING ORDER AND REPORT AND RECOMMENDATION**

    Before the Court at Docket 1 is self-represented prisoner Steve Claudy Lapitre's Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983. Mr. Lapitre also filed an Application to Waive Prepayment of the Filing Fee at Dockets 3, 4, and 5. The matter was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 8, Judge Reardon issued his Screening Order and Report and Recommendation, in which he recommended that this action should be dismissed with prejudice for failing to state a claim upon which relief may be granted and the futility of amendment. Judge Reardon also recommended that all pending motions be denied as moot, and that this dismissal should be counted as a strike as required by 28 U.S.C. § 9115(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. \_\_\_, 140 S.Ct. 172 (2020). No objections to the Report and Recommendation were filed.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The magistrate judge recommended that the Court dismiss this action with prejudice, deny all pending motions, and count this dismissal as a strike. The Court has reviewed the Final Report and Recommendation and agrees with its analysis.[4] Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that this action is DISMISSED WITH PREJUDICE. All pending motions are DENIED AS MOOT. This dismissal shall count as a strike as required 28 U.S.C. § 9115(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S.Ct. 172 (2020)

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] The Court disagrees with the R&R insofar as it identified a federal judge as a state actor. Federal employees, including federal judges, are not state actors and are not subject to liability under Section 1983. *See Morse v. N. Coast Opportunities*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("By its very terms, § 1983 precludes liability in federal government actors.").

Case No. 3:22-cv-00259-SLG, *Lapitre v. Butler, et al.*
Order re Screening Order and Report and Recommendation
Page 2 of 3
Case 3:22-cv-00259-SLG-KFR   Document 9   Filed 03/31/23   Page 2 of 3

DATED this 30th day of March, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00259-SLG, *Lapitre v. Butler, et al.*
Order re Screening Order and Report and Recommendation
Page 3 of 3
Case 3:22-cv-00259-SLG-KFR   Document 9   Filed 03/31/23   Page 3 of 3